FINAL REPORT[1]


*Amendments to Pa.Rs.Crim.P. 408, 413, 423, 452, 455, and 1031*


RESTITUTION AND FORFEITED COLLATERAL IN SUMMARY CASES

---

On June 15, 2016, effective August 1, 2016, upon the recommendation of the Criminal Procedural Rules Committee, the Court amended Rules 408 (Not Guilty Pleas - Notice of Trial), 413 (Not Guilty Pleas - Notice of Trial), 423 (Not Guilty Pleas - Notice of Trial), 452 (Collateral), 455 (Trial in Defendant's Absence), and 1031 (Institution of Proceedings in Summary Traffic Cases)  to clarify that restitution is one of the types of assessments for which collateral may be forfeited after conviction in a summary case.

Retention of summary case collateral has long been permitted under Rule 452(G) which states, "The collateral deposited may be forfeited after conviction at the summary trial and applied to payment of the fine and costs."  The Minor Judiciary Education Board asked the Committee to consider whether collateral that had been previously set could be similarly applied to pay restitution awarded in summary cases. This question was prompted by the Court's recent adoption of amendments to Rule 528 (Monetary Condition for Release of Bail) and Rule 535 (Receipt for Deposit; Return of Deposit) that provided procedures in court cases for applying bail that would be otherwise returnable to case assessments including restitution.  The Board suggested the Committee consider an amendment to Rule 452 to include specific mention of restitution.

The language regarding forfeiture of collateral has been in Rule 452 (originally Rule 81) since it first was adopted in 1985.  It appears that this provision developed in consideration of the traditional summary citation case, usually involving traffic offenses, where the defendant is permitted to post collateral for a fixed fine and costs while

---

[1]  The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules.  Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

awaiting the summary trial. This collateral then could be applied to the fine and costs if the defendant failed to appear or could be applied directly if the defendant were convicted. In these types of cases, restitution was rarely awarded. However, in developing the rule, the Committee did not appear to have considered other summary cases, such as non-traffic offenses, where there is no fixed fine and where restitution can be a factor in the potential sentence.

Additionally, at the time, there was a question among some issuing authorities of their power to impose restitution as part of a summary sentence. Certainly, if there was previously a question on the authority of MDJs to award restitution, that has been addressed statutorily in paragraph (d) of Section 1106 of Title 18, the general restitution provision. Furthermore, the summary case rules contain numerous references to the award of restitution in summary cases. For example, Rule 403 (Contents of Citation), while not requiring restitution to be listed on the citation, contains *Comment* language making passing reference to the award of restitution as part of a summary sentence. Similarly, Rule 462 (Trial *De Novo*) references restitution as part of the sentence. Furthermore, the collection of restitution by magisterial district judges in summary cases appears to have been a long-standing practice, particularly in non-traffic summaries such as criminal mischief, bad checks, retail theft and other crimes where there may have been loss of property or damages. In addition, the Magisterial District Justice System (MDJS) currently permits collateral in summary cases to be used to offset restitution.

The allowance under Rule 452(G) that collateral may be forfeited to be applied to case assessments was, until recently, one of the major differences between summary collateral and court case bail. As noted in the *Comment* to Rule 452, collateral has a dual purpose as bail to secure the defendant's appearance at the summary trial, and as security for the payment of fines and costs. With the Court's recent approval of the changes to Rules 528 and 535, that permits returnable bail money to be retained to pay case assessments, that distinction has become less pronounced.

The Committee therefore concluded that there is not a compelling reason why collateral should not be used to satisfy restitution. Furthermore, it is inconsistent to

permit the application of bail money to restitution in court cases but not collateral for restitution in summary cases. This is especially compelling in light of the Court's recent adoption of Rule 705.1 and associated correlative rule changes designed to enhance the collection of restitution in court cases.[2] Finally, the amendment to Rule 452(G) codifies current practice.

The Committee considered whether the amendments should include procedures similar to those contained in the amendments to Rules 528 and 535 for the retention of bail, such as requiring a motion by the attorney for the Commonwealth. The Committee concluded that, given the relatively small amount of money set for collateral in summary cases which is limited under Rule 452(A) to the full amount of fines and costs, incorporating such extensive procedures would needlessly complicate a process currently being accomplished without reported problem.

As a result of post-submission comments from the Court, the Committee considered the advisability of making changes to Rules 408, 413, 423, and 455. Paragraph (B)(3) of Rules 408, 413, and 423 provide for several notices to be given to a defendant in response to a not guilty plea being entered. In addition to notice of when the summary trial will take place, the defendant is advised that the collateral will be forfeited if he or she fails to appear for the trial. Restitution usually would not be calculated when setting the collateral because that would usually occur at sentencing. However, there is a potential in some cases in which the defendant is tried *in absentia* and restitution awarded as part of the sentence. Then a court could have the collateral forfeited which could then be applied to the restitution owed. Therefore, the Committee concluded that inclusion of restitution in the notice would avoid any possible confusion. Accordingly, changes similar to those made to Rule 452 have been made to these three rules.

During the development of these rule changes, the Committee discovered that Paragraph (B)(3) of Rule 423 contained a typographical error in that it failed to state the

---

[2] *See* 46 *Pa.B.* 1532 (March 26, 2016).

Restitution and Forfeited Collateral in Summary Cases *Final Report*: 6/10/2016

number of days that a defendant has in which to file an appeal for a trial *de novo*. It appears that this error occurred during the renumbering of the rules in 2000. As part of those amendments, when numbers were contained in the rules, they were converted from text to Arabic numerals. It appears that the term "thirty" was removed from Rule 423(B)(3) but that the numeral "30" had not been added. Also, the term "thirty" in the identical paragraphs in Rules 408 and 413 had not been converted to the numeral "30." This technical correction has been made to all three of these rules.

Rule 455(E)[3] describes the handling of collateral following a trial *in absentia* including the distribution of forfeited collateral. As the language of this paragraph mirrors Rule 452(B), the Committee determined that the language of the rules should be consistent. Therefore, amendments comparable to the changes to Rule 452(B) have been made to Rule 455(E).

The Committee also considered a similar change to Rule 1031(B)(2)(b) that governs the institution of summary traffic cases in the Philadelphia Municipal Court Traffic Division. Although currently restitution sentences are not being awarded in these cases, the Committee considered whether the changes should be included for consistency. Committee members consulted with representatives of the Traffic Division who indicated that while sentences of restitution are not currently issued in traffic cases, they did not want to preclude the possibility of using forfeited collateral for any such awards should they be used in the future. It should be noted that, while 18 Pa.C.S. §1106 does not specifically provide for restitution in traffic cases, there are several provisions of the Motor Vehicle Code that permits restitution to be awarded for certain cases. *See, e.g.*, 75 Pa.C.S. § 6126. Therefore, amendments similar to the other rules have been made to Rule 1031.

---

[3] The text of Rule 455 included in this rule change package reflects the changes that were approved by the Court on March 9, 2016 and will become effective July 1, 2016. *See* 46 *Pa.B.* 1532 (March 26, 2016).

Restitution and Forfeited Collateral in Summary Cases *Final Report*: 6/10/2016